UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-23265-GAYLES

**SOUTH BEACH GROUP HOTELS, INC.;
METROPOLE HOTEL APARTMENTS, LLC;
MUSEUM WALK APARTMENTS, LLC; and
CARLOS FERNANDO VICTORIA,**
         Plaintiffs,

         v.

**JAMES RIVER INSURANCE COMPANY and
TERRANCE WEST,**
         Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. The Court has reviewed the record in this case and is otherwise fully advised in the premises.

**I.   BACKGROUND**

On July 29, 2016, Defendants James River Insurance Company and Terrance West filed a Notice of Removal, removing this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1] ("Notice of Removal"). In their Notice of Removal, under the heading "THIS COURT HAS JURISDICTION AND REMOVAL IS APPRO-PRIATE," the Defendants state:

> 7.   ***There is total diversity of citizenship.*** [Plaintiff South Beach Group Hotels, Inc. ("SBGH")] is a Florida corporation with its principal place of business in Miami Beach, Florida. Accordingly, SBGH is a citizen of the state of Florida.
> 8.   [Plaintiff] Metropole [Hotel Apartments, LLC] is a Florida limited liability company. As alleged in Plaintiffs' complaint, it is a citizen of the state of Florida.
> 9.   [Plaintiff] Museum Walk [Apartments, LLC] is a Florida limited liability company. As alleged in Plaintiffs' complaint, it is a citizen of the state of Florida.

1

    10. [Plaintiff Carlos Fernando] Victoria is an individual residing in Florida. Accordingly, Victoria is a citizen of the state of Florida.
    11. [Defendant] James River [Insurance Company] is an Ohio corporation with its principal place of business in Virginia. Accordingly, James River is a citizen of Ohio and Virginia.
    12. [Defendant Terrance] West, a nominal defendant, is an individual residing in Maryland. Accordingly, West is a citizen of the state of Maryland.

*Id.* ¶¶ 7-12 (citing Am. Compl. ¶¶ 3-6).

**II. DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). To that end, "[a] federal court may raise jurisdictional issues on its own initiative at any stage of litigation." *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

28 U.S.C. § 1441 permits a defendant to remove a case brought in state court to federal court if the federal court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. When a defendant removes a case, it, as the removing party, bears the burden of proving that federal subject matter jurisdiction exists. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, 28 U.S.C. § 1332(a), which is determined at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

Regarding citizenship of a limited liability company, it is axiomatic in this Circuit that "a

limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "[T]o sufficiently allege the citizenships of unincorporated business entities, the removing party must list the citizenships of all members of the limited liability company." *Se. Constr. Servs., LLC v. Wells Fargo Bank, N.A.*, No. 14-1565, 2015 WL 926029, at *2 (M.D. Fla. Mar. 4, 2015) (citing *Rolling Greens*, 374 F.3d at 1022).

And to establish citizenship of an individual, "[r]esidence alone is not enough." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" *Id.* (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Considering these standards, the allegations regarding the citizenship of the parties contained within the Notice of Removal are "fatally defective." *Travaglio*, 735 F.3d at 1269. The Defendants allege that two of the Plaintiffs (Metropole Hotel Apartments, LLC, and Museum Walk Apartments, LLC), both limited liability companies, are citizens of Florida, "[a]s alleged in Plaintiffs' complaint." Notice of Removal ¶¶ 8-9. But the Amended Complaint in fact alleges that both of these Plaintiffs are "Florida corporation[s], organized and existing according to the laws of the State of Florida, with [] principal place[s] of business located in Miami Beach, Miami-Dade County, Florida," Am. Compl. ¶¶ 4-5, which invokes the standard for citizenship of a ***corporation***—the improper standard to govern the citizenship of a limited liability company. *See Rolling Greens*, 374 F.3d at 1021-22. The record contains no indication of the identities or the citizenships of the members of these limited liability company Plaintiffs.

3

As for the individual parties, the Notice of Removal alleges that Plaintiff Carlos Fernando Victoria is "a citizen of the state of Florida" because he is "an individual residing in Florida" and that Defendant Terrance West is "a citizen of the state of Maryland" because he is "an individual residing in Maryland." Notice of Removal ¶¶ 10, 12. The Amended Complaint's allegations are substantively no different. *See* Am. Compl. ¶ 6 (Plaintiff Victoria is "an individual residing in Miami-Dade County, Florida); *id.* ¶ 8 (Defendant West is "an individual residing in Ellicott City, Maryland"). These allegations, addressing only residence, are insufficient to establish the citizenship of these individuals. *See Travaglio*, 735 F.3d at 1269.

Therefore, the Court finds that the Defendants, as the removing parties, have failed to establish that diversity of citizenship exists in this case. That said, the Court is mindful of the Eleventh Circuit's instruction that, prior to remanding a case for lack of subject matter jurisdiction upon the failure of a removing party to properly allege diversity, a district court must allow the removing party an opportunity to cure the deficiency. *Corp. Mgmt. Advisors Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009). That party should be granted leave to amend its notice of removal to "'unequivocally' establish diversity of citizenship." *Id.* (quoting *Armada Coal Exp., Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1569 (11th Cir. 1984)). Accordingly, it is

**ORDERED AND ADJUDGED** that by **August 15, 2016**, the Defendants shall file an Amended Notice of Removal that includes sufficient allegations to unequivocally establish diversity of citizenship of the parties in this case. Failure to comply with this Order will result in remand without further notice for want of federal jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of August, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE